| t STEWART, J.
The only issue on appeal in this workers’ compensation action is whether the appellant, Patricia Baker, is entitled to supplemental earnings benefits from April 1997 through October 1997. The hearing officer denied Baker’s claim for supplemental earnings benefits. For the following reasons, we affirm.
FACTS
While employed at River City Trading Company, Inc., (“River City”), Baker developed carpal tunnel and ganglion injuries of her wrists. She received workers’s compensation benefits in the amount of $147.07 per week for these injuries through March 22, 1997, when River City terminated payment of the benefits. In March 1997, Baker’s treating physician told her that “they had done all they could do” for her. The physician’s progress note of March 10, 1997, stated that Baker was seen for a final visit that day, that she had healed her carpal tunnel and ganglion injuries of the wrist quite well, and that she had completed occupational therapy. The progress note also stated that Baker was discharged and that the physician thought she was capable of doing her normal job despite her resistence. Similarly, in a final report issued on April 10, 1997, the physician stated that Baker had reached maximal medical improvement, although she still had complaints involving both hands. The physician’s impression was that Baker could be employed in many activities that do not require repetitive wrist flexion or trauma to the palmar aspect of the hands or wrists.
After River City stopped paying weekly benefits, Baker initiated the instant litigation and asserted claims for temporary total disability benefits beyond March 1997, supplemental earnings benefits, and medical treatment. In a reconventional demand, River City asserted that Baker made false statements or representations in connection with her claim for benefits and should forfeit her right to benefits under pthe law as set forth in La. R.S. 23:1208. After a hearing at which the only two witnesses were Baker and Jeffery Darby, a vocational rehabilitation consultant, the hearing officer denied Baker’s claims, as well as the claims of River City for forfeiture of benefits.
The hearing officer gave oral reasons for rejecting Baker’s claims. With respect to the temporary total disability benefits, the hearing officer correctly stated that in order for a person to receive such benefits, they must be unable to perform any kind of work. The hearing officer relied upon Baker’s treating physician’s March and April 1997 progress notes in concluding that Baker was able to work. The hearing officer noted that these progress notes indicated that Baker was able to work. Thus, the hearing officer found that River City had a valid basis upon which to terminate Baker’s weekly workers’ compensation benefits.
With regard to supplemental earnings benefits, the hearing officer addressed whether Baker complied with vocational rehabilitation efforts. While concluding *42 that Baker applied for jobs as indicated in her testimony, the hearing officer expressed concern that Baker had applied for no jobs since the summer of 1997. The hearing officer concluded that Baker’s failure to apply for jobs since that time, even though information about potential jobs had been forwarded to her, defeated her claim for supplemental earnings benefits. In particular, the hearing officer found that River City met its burden of showing that there were jobs available where Baker could have earned 90% of her pre-injury wages, but that Baker failed to meet her burden of proving that she had applied for those jobs. The hearing officer also found no evidence to support Baker’s claim for medical treatment.
laDISCUSSION
The only issue on appeal is whether Baker should have been awarded supplemental earnings benefits from April 1997 through October 1997. Supplemental earnings benefits are available to an employee who’ is able to prove, by a preponderance of the evidence, that a work-related injury has rendered that person unable to earn at least 90% of pre-accident wages. Gilley v. Reeves Deli Mart, 30,855 (La. App. 2nd Cir. 4/8/98), 711 So.2d 328. The purpose of such an award is to compensate an injured employee for the wage-earning capacity lost as a result of the accident. Id.
The initial burden is on the employee to show that he is unable to earn at least 90% of the pre-injury wages. Duhon v. Holi Temporary Services, Inc., 97-0604 (La.App. 4th Cir. 10/1/97), 700 So.2d 1152. Once the employee establishes the prima facie case, the burden shifts to the employer to show that employment is generally available within the claimant’s physical capabilities and in the employee’s or employer’s reasonable geographic region. Gilley v. Reeves Deli Mart, supra.
By appealing only the denial of supplemental earnings benefits, and by not appealing the denial of the claim for temporary total disability benefits, Baker does not challenge the fact that she is able to work. Baker’s own treating physician gave her only a 10% permanent partial disability of the body, concluded that she had full use of her fingers, and further concluded that she could be employed in many activities that do not require repetitive wrist flexion or trauma to the palmar aspect of the hands or wrists. Furthermore, we observe that given Baker’s undisputed compensation rate, virtually any minimum-wage job would provide her with 90% or more of her pre-injury wages.
l4Under the jurisprudence cited above, Baker bore the burden of proving by a preponderance of the evidence that her injuries resulted in an inability to earn 90% or more of her pre-injury wages, despite the low disability rating given her by her physician, despite the very limited restrictions on the type of work she could do, and despite the minimum wage employment that would meet the wage criterion. Given the particular circumstances of this case, her burden was far from insignificant. Rather than begin the analysis of the issue of supplemental earnings benefits by determining whether Baker carried her initial burden, the hearing officer instead considered whether Baker had complied with vocational rehabilitation efforts. The hearing officer erred by not first addressing the threshold question of whether Baker established her inability to earn at least 90% of her pre-injury wages. Nevertheless, the hearing officer’s concern regarding Baker’s failure to make a job application since the summer of 1997 is relevant to the question of whether or not Baker met her initial burden of proof. For instance, Baker testified that her last effort to apply for a job was made in August 1997, when Darby informed her about an in-store helper position.
Considering the various factors that might bear on Baker’s ability to earn wages, we conclude that she failed to carry her initial burden of proof. It strains the imagination to conclude that with the mini *43 mal restrictions and wage requirements needed for suitable employment, no such employment could be found in the Monroe-West Monroe metropolitan area. While we are not saying that it would be. impossible for a claimant in Baker’s position to carry her burden of proof, the burden would be a significant one, and certainly not satisfied by her proof of meager efforts to seek employment during the pertinent time period. Accordingly, we conclude that the hearing officer correctly rejected Baker’s claim |5for supplemental earnings benefits. We further note that because Baker failed to present a prima facie case, the burden never shifted to River City to show employment availability-
CONCLUSION
For the reasons set forth above, we affirm the hearing officer’s ruling at Baker’s cost.
AFFIRMED.