| PATRICK M. SCHOTT, Judge Pro Tem.
This is a workers’ compensation case. Defendant has appealed from a judgment awarding plaintiff Supplemental Earnings Benefits (SEB) from October 1998 for an injury that occurred on June 14, 1995 while plaintiff was employed by defendant. The workers’ compensation judge (WCJ) found that plaintiff was not involved in a second accident in October 1998 when he was employed by a new employer. The issues before this court are whether the trial court erred in failing to find that plaintiff was injured in a second accident, in failing to hold that plaintiffs claim for SEB was prescribed, in finding that the evidence supported an award for SEB, and in failing to find that plaintiff should forfeit all compensation benefits because of his false statements and misrepresentations.
Plaintiff was employed by defendant as an assistant sales manager. On June 14, 1995, while he was pushing a vehicle from an exhibition area, he injured his lower back and missed approximately eight and one-half weeks of work as a result. His medical expenses were paid, and he was paid ^compensation at the rate of $160.57 per week for the time he was unable to work.
Plaintiff returned to work and continued to work in essentially the same capacity after the dealership was purchased by Lamarque Chrysler Plymouth. He continued to suffer back pain, however, and con *1255 tinued seeing his doctor periodically, taking medication, and undergoing physical therapy. On October 3, 1998, while he was working for Lamarque, his back condition flared up and he went home. He saw his orthopedist, who put him on bed rest, medication and therapy. He was unable to work from October 3 until November 20, 1998. When he returned to work, Lam-arque changed his position to telephone operator/ data processor because of possibility of further injury to him and Lam-arque’s potential liability for such. He currently earns $30,000 per year at Lam-arque. He testified that he earned $33,400 annually prior to his change of position.
Plaintiff filed his claim in July 1998 when defendant ceased paying his medical bills, but a hearing was not held until August 8, 1999. By that time plaintiff was seeking not only medical benefits but also temporary disability benefits (TTD) for the seven weeks he was unable to work in October and November of 1998, and SEB due to the decrease in his salary upon his return to work in November 1998. Following the hearing the WCJ denied the claim for TTD, but she awarded SEB for the seven weeks in October and November “at the full (TTD) rate” and continuing SEB thereafter with the comment that “the amount due can not be determined.”
The WCJ rejected the arguments of the defendant that plaintiff had a new second accident at Lamarque which caused his problems from October 1998 forward and found, instead, that his problems were the result of the June 1995 accident. She also rejected defendant’s argument that the SEB Isdaim had not prescribed. In her reasons for judgment the WCJ concluded that plaintiff was entitled to SEB based on his testimony that he earned $33,400 in 1998 and would earn only $30,000 in 1999, but that the amount of SEB owed after his return to work in November 1998 could not be determined from the evidence presented at trial.
In this court defendant argues that the WCJ committed legal error by awarding SEB to plaintiff; and she committed manifest error in finding that plaintiffs back problems in 1998 were related to his 1995 accident, that claimant did not have a second accident in 1998, and that claimant did not forfeit his right to benefits by misrepresentations made at trial.
We first consider defendant’s argument that the lower court committed legal error by awarding SEB to plaintiff. LSA-R.S. 23:1209(A) provides:
In case of personal injury.. .all claims for payments shall be forever barred unless within one year after the accident. . .the parties have agreed upon the payments to be made under this Chapter, or unless within one year after the accident a formal claim has been filed.... Where such payments have been made in any case, the limitation shall not take effect until the expiration of one year from the time of making the last payment, except that in cases of benefits payable pursuant to R.S. 23:1221(3)[SEB], this limitation shall not take effect until three years from the time of making the last payment of benefits pursuant to R.S. 23:1221(1), (2), (3), or (4). [TTD, Permanent Total Disability, SEB, or Permanent Partial Disability]. Also, when the injury does not result at the time of, or develop immediately after the accident, the limitation shall not take effect until expiration of one year from the time the injury develops, but in all such cases the claim for payment shall be forever barred unless the proceedings have been begun within two years from the date of the accident.
According to the computer printout jointly introduced by the parties at trial, the last compensation check was issued to plaintiff on September 15, 1995 for time he missed from work during August 1995. He filed the instant claim in July 1998 for medical payments, and on some later date he tacked on his claim for disability benefits after he missed work from October 3 to LNovember 20, 1998. The record does not *1256 show when he filed this claim for TTD and/ or SEB, but it had to be more than three years after his June 1995 accident and more than three years after his last disability benefit payment. Consequently, not only was his claim for TTD prescribed as the WCJ held, but also his claim for SEB had prescribed.
Even if plaintiffs claim were considered timely, he failed to prove his entitlement to SEB under the law. According to R.S. 23:1221(3)(a), SEB are payable “[f]or injury resulting in the employee’s inability to earn wages equal to ninety per cent or more of wages at the time of injury. ’’[Emphasis added.] A claimant bears the burden of proving that he is unable to earn at least ninety percent of his pre-injury wage. Duhon v. Holi Temporary Services, Inc., 97-0604, p. 4 (La.App. 4 Cir. 10/1/97), 700 So.2d 1152, 1154. Plaintiff testified that he now earns $30,000 per year, and that prior to his seven weeks of missed work in 1998, he earned $33,400 annually, including commissions on cars he sold. The WCJ bases her award on the fact that $30,000 is less than 90% of $33,400. But by rejecting the new second accident theory of defendant, she had to find that the only injury involved for SEB purposes was the one in June 1995. The only evidence of plaintiffs pre-injury (pre-June 14, 1995) wage, however, is the computer printout showing he was paid $160.57 per week in TTD benefits in July and August of 1995, immediately following his injury. Because TTD benefits are paid at the rate of sixty-six and two-thirds percent of the employee’s pre-dis-ability wages (R.S. 23:1221), we must assume he was earning approximately $240.00 per week, or $12,500 per year, in 1995. As this amount is less than the amount the claimant is currently earning, he failed to establish that he is unable to earn ninety percent of his pre-injury wage. He argues on appeal that he earned more in 1995 than the compensation records 1 ¡^reflect due to commissions from the sale of vehicles; however, because there is no evidence or testimony in the record to support this assertion, it has no merit. Consequently, he is not entitled to any SEB as a matter of law.
Defendant also argues that the WCJ committed manifest error in finding there was no accident and that his back condition in 1998 was related to his 1995 accident. However, these arguments are without merit. Plaintiff testified that there was no second accident, and there is no evidence in the record to refute his testimony.
As to the relationship between his back condition in 1998 and his June 1995 accident, while the evidence showed that claimant had a pre-existing chronic back condition and abnormal gait stemming from a hip fusion in 1977, it also showed that this condition was significantly aggravated by the claimant’s 1995 accident. Plaintiffs testimony, corroborated by his medical records and the deposition testimony of his physicians, shows that he continued to receive medical treatment for his back problems from the time he was injured in 1995 until his flare-up in 1998. Although the physicians differed in their conclusions as to whether claimant’s 1998 condition was more causally related to the 1995 accident than to the claimant’s hip fusion and abnormal gait, the evidence as a whole does not demonstrate that the WCJ committed manifest error. Therefore, the WCJ correctly awarded payment of plaintiffs medical expenses.
Finally, defendant contends that plaintiff forfeited his right to compensation benefits pursuant to R.S. 23:1208 because he willfully made false statements or misrepresentations under oath for the purpose of obtaining benefits. Defendant asserts that he deliberately misrepresented or hid the fact that he had undergone a hip fusion in 1977 to correct a birth defect and that he had an abnormal gait and other back problems prior to his | fi1995 accident. The record does not support this assertion. Plaintiff was questioned about his pre-ex-isting condition, and admitted he had un *1257 dergone a hip fusion, but testified that his condition had been stable for more than ten years prior to the 1995 incident. Plaintiff admitted having seen his orthopedist between 1989 and 1995, but denied that the visits were primarily due to his back condition. We do not find that the deposition of Dr. Larkin, plaintiffs orthopedist, substantially contradicts plaintiffs testimony or proves that he deliberately misrepresented the facts while under oath.
Accordingly, the judgment appealed from is affirmed but amended to delete any award for Supplemental Earnings Benefits.

AFFIRMED AS AMENDED.