945 So.2d 738 (2006)
Cleveland BETHLEY
v.
The CITY OF NEW ORLEANS.
No. 2006-CA-0921.
Court of Appeal of Louisiana, Fourth Circuit.
October 18, 2006.
*739 Robert H. Urann, Robein, Urann & Lurye, Metairie, LA, for Plaintiff/Appellant.
Russell M. Cornelius, Cornelius, Sartin & Murphy, New Orleans, LA, for Defendant/Appellee.
(Court composed of Judge MAX N. TOBIAS, JR., Judge EDWIN A. LOMBARD, and Judge ROLAND L. BELSOME).
MAX N. TOBIAS, JR., Judge.
This appeal arises out of a claim for workers' compensation benefits. The claimant, Cleveland Bethley, Jr. ("Bethley"), appeals the judgment of the workers' compensation judge ("WCJ") finding that *740 the reduction of his Supplemental Earnings Benefits ("SEB") was justified. For the reasons assigned below, we affirm.
The facts surrounding Bethley's work related injury are not in dispute. Bethley, employed as a firefighter for the City of New Orleans ("City"), injured his back on 15 December 2001. As a result of the injury, he began receiving indemnity benefits.
In August of 2002, Bethley's indemnity benefits were converted to monthly SEB in the amount of $1724.67. Effective 1 September 2003, the City reduced his monthly SEB to $1226.85 because Bethley's treating physician, Robert Ruel, M.D., released him to perform sedentary work and approved several jobs identified by Bethley's vocational rehabilitation counselor. In response, Bethley filed a Disputed Claim for Compensation on 7 October 2003. Bethley maintained that he was unable to work due to substantial pain in his back and legs.
The matter was brought to trial on 1 April 2005. Bethley testified that he suffered constant pain in his back and legs. He stated that on some days he could not get out of bed because of the pain. He further explained that he had not worked or sought work due to the substantial pain. He testified that he spent his days sitting around the house and running an occasional errand. But he did state that he was able to drive for short distances.
The deposition of Dr. Ruel, taken on 2 February 2005, was introduced at trial. Over a long course of treatment with Dr. Ruel, Bethley received various pain medications, steroid injections, and physical therapy. Accordingly to Dr. Ruel, Bethley suffered from "[s]pinal stenosis and lateral recess stenosis at L4-5 with extrinsic compression of the left nerve roots at that level as well as extrinsic defect on the left by the L3-4 disc and facet arthropathy." Dr. Ruel recommended surgery and suggested that Bethley consult with another orthopedic surgeon because he, Dr. Ruel, no longer performed surgeries. Bethley rejected surgery. Bethley stated that his pain would have to get much worse before he would consider surgery.
In connection with the testimony of Belencia Lawrence, a vocational rehabilitation specialist with Resolution Network, L.L.C.,[1] the City introduced the Closure Report, dated 19 September 2003, which identified several jobs for Bethley, and the Physician Verification Forms, wherein Dr. Ruel approved all but one of the identified jobs for Bethley. The jobs approved by Dr. Ruel included dispatcher, dispatcher trainee, motor vehicle inspector, quality control professional, and receptionist. Bethley testified that he did not interview for any of the jobs approved by Dr. Ruel. He further stated that he did not attempt to find a job on his own, reiterating that he was in too much pain to work.
Finally, Alyson Cranston, workers' compensation claims adjuster with Management Services, Inc., testified that the reduction in SEB was based on an earning capacity of $8.25 per hour for a 40-hour week. She explained that the hourly rate was calculated by averaging the pay of the seven jobs identified by the vocational rehabilitation counselor and approved by Dr. Ruel. She further testified that she was provided no information from Dr. Ruel stating that Bethley was unable to work in a full-time capacity. Bethley argued that his substantial pain could not have been taken into consideration if the calculation *741 of earning capacity was based on a 40-hour workweek.
On 22 June 2005, the WCJ ruled that the City's reduction of Bethley's monthly SEB was justified. This timely appeal followed. On appeal, Bethley argues that the WCJ committed manifest error in ruling that the reduction of his benefits was justified despite the uncontradicted evidence of his substantial pain.
It is well settled that factual findings in workers' compensation cases are subject to the manifest error or clearly wrong standard of appellate review. Winford v. Conerly Corp., 04-1278, p. 15 (La. 3/11/05), 897 So.2d 560, 569; Masinter v. Akal Sec., Inc., 05-1236, p. 3 (La.App. 4 Cir. 6/07/06), 934 So.2d 201, 203. Under this standard, the issue is not whether the trier of fact was right or wrong but whether the factfinder's conclusion was a reasonable one. Banks v. Industrial Roofing & Sheet Metal Works, Inc., 96-2840, p. 7 (La. 7/1/97), 696 So.2d 551, 556. Where there are two permissible views of evidence, the factfinder's choice between them cannot be manifestly erroneous or clearly wrong. Stobart v. State Through Dept. of Transportation and Development, 617 So.2d 880, 882-83 (La. 1993); Thompson v. City of New Orleans, 05-0947, p. 7 (La.App. 4 Cir. 5/24/06), 933 So.2d 207, 211-212.
In Dean v. Southmark Const., 03-1051, p. 7 (La. 7/6/04), 879 So.2d 112, 117, the Louisiana Supreme Court reiterated the standard of review when the credibility of a claimant is at issue, stating: "Where there is conflict in the testimony, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review, even though the appellate court may feel that its own evaluations and inferences are as reasonable. The court of appeal may not reverse the findings of the lower court even when convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently [internal citation]." Bethley submits that pursuant to La. R.S. 23:1221(3)(c)(ii), an injured worker's substantial pain is a factor in considering eligibility for SEB.[2] Moreover, Bethley asserts that he presented clear and convincing evidence that he continues to suffer substantial pain. The City submits that Bethley presented no evidence, other than his own testimony, to prove that he was in too much pain to work. More specifically, the City maintains that Bethley failed to produce any evidence to contradict Dr. Ruel's opinion that he was able to perform sedentary work.
The purpose of SEB is to compensate the injured employee for the wage earning capacity he or she has lost as a result of an accident. Pinkins v. Cardinal Wholesale Supply, Inc., 619 So.2d 52, 55 (La. 1993). To qualify for SEB, a claimant is required to prove by a preponderance of evidence that a work-related injury resulted in the inability to earn 90% or more of his average pre-injury wage. La. R.S. 23:1221(3)(a).
Once the claimant makes this showing, the burden shifts to the employer, who must prove by a preponderance of evidence that the claimant is physically able to perform a certain job and that the job was offered to the claimant or was available in his or the employer's community or reasonable geographic region. La. R.S. 23:1221(3)(c)(i). Banks, 96-2840, p. 6, *742 696 So.2d at 556. An employer can discharge its burden by establishing (1) the existence of a suitable job within claimant's physical capabilities, (2) the amount of wages an employee with claimant's experience and training can expect to earn in that job, and (3) an actual position available for that particular job at the time the claimant received notification of the job's existence. Seal v. Gaylord Container Corp., 97-0688, p. 9 (La. 12/2/97), 704 So.2d 1161, 1167; Noto v. City of New Orleans Fire Dept., 04-0472, p. 6 (La.App. 4 Cir. 9/01/04), 883 So.2d 439, 444. Finally, if the employer is successful in sustaining its burden, the burden shifts back to the claimant to show by clear and convincing evidence, unaided by any presumption of disability, that he is unable to perform the employment offered solely as a consequence of substantial pain. La. R.S. 23:1221(3)(c)(ii); Reynolds Industrial Contractors v. Fox, 41,051, p. 12 (La.App. 2 Cir. 6/28/06), 935 So.2d 783, 790; Hebert v. Terrebonne Parish School Board, 03-1444, p. 10 (La.App. 1 Cir. 5/14/04), 879 So.2d 222, 229.
This court has held that although a court may consider a claimant's uncorroborated testimony of subjective pain, if credible, concerning what his physical limitations might be as a result of pain, the decision of the court should not be based on claimant's self-serving testimony on the ultimate issue of whether the claimant is able to work. Duhon v. Holi Temporary Services, Inc., 97-0604, pp. 6-7 (La.App. 4 Cir. 10/1/97), 700 So.2d 1152, 1155; see also Scott v. Lakeview Regional Medical Center, 01-0538, pp. 3-4 (La.App. 1 Cir. 3/28/02), 818 So.2d 217, 222. As this court stated in Duhon:
We are reminded in Banks of "the jurisprudential tenet that worker's compensation is to be liberally construed in favor of coverage," but we are also bound by LSA-R.S. 23:1221(3)(c)(ii) which provides that the burden on claimant is not a mere preponderance of the evidence, but one of "clear and convincing evidence" where the disability is "solely as a consequence of substantial pain." The legislature obviously recognized the potential for abuse in this area when it enacted this heightened standard of proof.
Duhon at p. 1155.
In the present case, it is evident that Dr. Ruel was well aware of Bethley's medical condition and his ongoing complaints of pain. Nevertheless, Dr. Ruel released Bethley to return to light duty work. Dr. Ruel's medical testimony clearly indicates that Bethley was able to work in the jobs identified by the vocational rehabilitation specialist. Dr. Ruel explained that, although Bethley might miss more work than someone without his condition, he was able to perform a sedentary job that required lifting of no more than ten pounds.
Bethley, on the other hand, presented no evidence, other than his own statements, that he could not perform any of the employment offered due to pain. Furthermore, by his own testimony, Bethley did not attempt to work in any of the positions made available to him.
After reviewing the record, we conclude that Bethley failed to produce clear and convincing evidence of his inability to perform the available work solely as a consequence of substantial pain. Accordingly, the WCJ did not err in determining that the reduction of Bethley's SEB was justified.
For the foregoing reasons, the judgment of the WCJ is affirmed.
AFFIRMED.
NOTES
[1] Ms. Lawrence was the supervisor of Brady Hudspeth who actually handled Bethley's vocational rehabilitation. On the date of trial, Mr. Hudspeth was no longer working for Resolution Network, L.L.C.
[2] La. R.S. 23:1221(3)(c)(ii) provides in pertinent part: "if the employee establishes by clear and convincing evidence, unaided by any presumption of disability, that solely as a consequence of substantial pain, the employee cannot perform employment offered, tendered, or otherwise proven to be available to him, the employee shall be deemed incapable of performing such employment."