# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 07-1533


**MIKE STOUTE**

**VERSUS**

**PETROLEUM CENTER**


\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
OFFICE OF WORKERS' COMPENSATION - # 2
PARISH OF RAPIDES, NO. 04-02038
JASON OURSO, WORKERS' COMPENSATION JUDGE

\*\*\*\*\*\*\*\*\*\*

## OSWALD A. DECUIR
## JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Oswald A. Decuir and Glenn B. Gremillion, Judges.

**AFFIRMED.**


**George S. Bourgeois, Jr.**
**Attorney at Law**
**421 N. Main Street**
**Opelousas, LA 70570**
**(337) 948-9111**
**Counsel for Plaintiff/Appellant:**
    **Mike Stoute**

**Robert A. Mahtook, Jr.**
**Marc D. Moroux**
**Mahtook & Lafleur**
**P. O. Box 3089**
**Lafayette, LA 70502-3089**
**(337) 266-2189**
**Counsel for Defendant/Appellee:**
    **Petroleum Center**

**DECUIR, Judge.**

In this workers' compensation case, the claimant appeals a determination of the workers' compensation judge that he is no longer entitled to receive temporary total disability benefits.

## FACTS

When Michael Stoute began working for Petroleum Center in October of 1993, he had a checkered employment history that included numerous short term jobs, a period of drawing unemployment benefits, layoffs, and general dissatisfaction with his work situation. On January 30, 1994, all that came to an end when Stoute reported injuring his knee in an unwitnessed on the job accident. Some days later he added a back injury to his list of complaints and would ultimately undergo two back surgeries.

Petroleum Center paid temporary total disability benefits until May 14, 2002. At that time, based on a job offer from "Work Enterprises," Petroleum Center reduced his benefits to the Supplemental Earnings Benefit rate and continued to pay benefits until July 2, 2004 when the statutorily authorized limit of 520 weeks of benefits was exhausted.

Stoute filed a disputed claim for benefits alleging that Petroleum Center improperly reduced his benefits to SEB level, he was entitled to penalties and attorney fees, and seeking continued TTD. The workers' compensation judge agreed that Petroleum Center improperly reduced benefits and that Stoute was entitled to penalties and attorney fees. Petroleum Center has not appealed either of those determinations. The workers' compensation judge also determined that Stoute failed to prove by clear and convincing evidence that he was entitled to temporary total disability benefits beyond July 12, 2004. Stoute lodged this appeal.

## DISCUSSION

On appeal, Stoute contends that the workers' compensation judge erred in concluding that he was not entitled to temporary total disability benefits. We disagree.

An employee seeking temporary total disability benefits must prove by clear and convincing evidence, unaided by any presumption of disability, that he is physically unable to engage in any employment or self-employment, regardless of the nature or character of the work, including but not limited to employment while working in pain. La.R.S. 23:1221(1)(c). The "clear and convincing" standard is a heavier burden of proof than the usual civil case standard of "preponderance of the evidence" but is less burdensome than the "beyond a reasonable doubt" standard of a criminal prosecution. *Chatelain v. State, Dept. of Transp. and Dev.,* 586 So.2d 1373, 1378 (La.1991). Therefore, to prove a matter by "clear and convincing" evidence means to demonstrate that the existence of a disputed fact is highly probable, in other words, much more probable than not. *Fritz v. Home Furniture-Lafayette*, 95-1705, p. 3 (La.App. 3 Cir. 7/24/96), 677 So.2d 1132, 1134. Also, to carry the burden of proving disability by clear and convincing evidence, the claimant must introduce objective medical evidence of the disabling injury. *Id.*

Disability can be proven by medical and lay testimony. The trial court must weigh all the evidence, medical and lay, in order to determine if the plaintiff has met his burden. *Bailey v. Smelser Oil & Gas, Inc.*, 620 So.2d 277, 280 (La.1993).

Factual findings in a workers' compensation case, such as whether a claimant is entitled to temporary total disability benefits, are subject to the manifest error or clearly wrong standard of appellate review. *Banks v. Indus. Roofing & Sheet Metal Works, Inc.*, 96-2840 (La. 7/1/97), 696 So.2d 551, 556. Under this two-part test, the

2

appellate court must determine from the record whether there is a reasonable factual basis for the finding and whether the record further establishes that the finding is not manifestly erroneous. *Mart v. Hill*, 505 So.2d 1120 (La.1987).

In this case, it is evident that the workers' compensation judge's determination that Stoute failed to establish his entitlement to TTD turned on credibility issues. The judge in his oral reasons, noted that he had observed the claimant closely with regard to mannerisms, tone of voice, reaction to questions and considered his testimony carefully in relation to all of the evidence presented. The judge then made a specific finding of fact that the claimant was not credible. Moreover, the judge found that the claimant had manipulated the system to continue to receive benefits and obstructed the way the system was intended to operate.

The judge noted further that the videotape of "the claimant doing various activities and in no apparent pain, moving at a quite regular pace like any other individual performing various activities, shopping activities, cutting grass, working on a small fence in the yard" was particularly damaging.

The Louisiana Supreme Court has clearly stated:

> It is well settled that the district court's finding of fact may not be set aside on appeal in the absence of manifest error or unless it is clearly wrong. *Stobart v. State Through DOTD*, 617 So.2d 880 (La.1993). Even though an appellate court may feel its own evaluations and inferences are more reasonable than those of the factfinder, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review where conflict exists in the testimony. *Rosell v. ESCO*, 549 So.2d 840 (La.1989); *Arceneaux v. Domingue*, 365 So.2d 1330 (La.1978). An appellate court should not substitute its opinion for the conclusions made by the district court, which is in a unique position to see and hear the witnesses as they testify. *In re: A.J.F. Applying for Private Adoption*, 00-0948 (La. 6/30/00), 764 So.2d 47. The trier of fact is not disadvantaged by the review of a cold record and is in a superior position to observe the nuances of demeanor evidence not revealed in a record. *Adkins v. Huckabay*, 99-3605 (La. 2/25/00), 755 So.2d 206.

*Leal v. Dubois,* 00-1285, pp. 3-4 (La. 10/13/00), 769 So.2d 1182, 1184, 1185.

Stoute argues that because he is still undergoing medical treatment, the workers' compensation judge erred in concluding he was not entitled to TTD. He cites *Marks v. 84 Lumber Co.*, 065-358 (La.App. 3 Cir. 9/27/06), 939 So.2d 723, 730, in which this court said, "An award for TTD benefits 'shall cease when the physical condition of the employee has resolved itself to the point that . . . continued regular treatment by a physician is not required.' La.R.S. 23:1221(1)(d)." This, however, does not resolve the issue. The question for the court is not whether treatment is ongoing, but whether ongoing treatment is required.

In this case, the workers' compensation judge was faced with conflicting medical evidence in large part because Stoute's treatment is based on subjective complaints of pain and evaluations of his psychological condition. The medical evidence runs the gamut from the claimant has reached maximum medical improvement to he needs a morphine dispenser implant for pain management. Likewise, the psychological evaluations indicate everything from he is a malingerer to he is clinically depressed.

Given the claimant's burden of clear and convincing evidence, the credibility issues noted by the court, the surveillance video, and the conflicting medical evidence, we do not find the judgment of the workers' compensation judge to be manifestly erroneous or clearly wrong. This assignment of error has no merit.

In light of the foregoing, the claimant's request for attorney fees for work done on this appeal is denied.

## DECREE

For the foregoing reason, the judgment of the workers' compensation judge is affirmed. All costs of these proceedings are taxed to appellant, Mike Stoute.

**AFFIRMED.**

4