STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

WCA 08-380


JOHNNY BRUMFIELD

VERSUS

ANTHONY TIMBERLANDS, INC.


**********

APPEAL FROM THE
OFFICE OF WORKERS' COMPENSATION - # 2
PARISH OF RAPIDES, NO. 05-00730
JAMES L. BRADDOCK, WORKERS' COMPENSATION JUDGE

**********

BILLY HOWARD EZELL
JUDGE

**********

Court composed of Sylvia R. Cooks, Michael G. Sullivan, and Billy Howard Ezell, Judges.

**Cooks, Judge., Dissents and assigns written reasons.**

                                                          AFFIRMED.


Randall Brian Keiser
Keiser Law Firm
P.O. Box 12358
Alexandria, LA 71315-2394
(318) 443-6168
Counsel for Defendant/Appellee:
Anthony Timberlands, Inc.

**Johnny Brumfield**
**In Proper Person**
**P. O. Box 142**
**Many, LA 71449**
**(318) 256-3121**

**EZELL, JUDGE**.

Johnny Brumfield appeals a judgment from the Office of Workers' Compensation which denied him permanent and total disability benefits. For the following reasons, we affirm.

## FACTS

Mr. Brumfield was injured in 1994 while working for Anthony Timberlands, Inc. He was attempting to clean a piece of equipment at the mill when his right hand got caught in the motor. Ultimately, his thumb had to be amputated. He received the maximum ten years of supplemental earnings benefits, which were terminated in December 2004. Mr. Brumfield then filed a claim for permanent and total disability benefits (PTD). Trial on the matter was held on December 20, 2007.

After hearing the testimony of Mr. and Mrs. Brumfield, the workers' compensation judge (WCJ) denied Mr. Brumfield's claim for PTD. Mr. Brumfield appealed that decision to this court.

## PERMANENT AND TOTAL DISABILITY

In denying Mr. Brumfield's claim for PTD, the WCJ recognized that while Mr. Brumfield experiences a lot of pain, that is not the only the factor entitling a worker to PTD. The WCJ, relying on La.R.S. 23:1221, considered the testimony of Mr. and Mrs. Brumfield that he receives income for cutting grass and found that Mr. Brumfield was engaging in self-employment and not entitled to PTD.

To be entitled to PTD benefits, the claimant must prove that he is physically unable to engage in any employment, regardless of the nature or character of the employment. La.R.S. 23:1221(2). Additionally, the claimant is entitled to PTD:

> [O]nly *if the employee proves by clear and convincing evidence*, unaided by any presumption of disability, that the employee is physically unable to engage in any employment or self-employment, regardless of the nature or character of the employment or self-employment, including,

but not limited to any and all odd-lot employment, sheltered employment, or employment while working in any pain, notwithstanding the location or availability of any such employment or self-employment.

La.R.S. 23:1221(2)(c)(emphasis supplied).

The clear and convincing standard for proving that claimant is physically unable to engage in any employment or self-employment, as required to obtain PTD, is a heavier burden of proof than the usual civil preponderance of evidence standard, but less burdensome than the beyond a reasonable doubt standard used in criminal law. *Comeaux v. City of Crowley*, 01-32 (La. 7/3/01), 793 So.2d 1215.

The only people to testify at trial were Mr. Brumfield and his wife. They both testified as to the pain that Mr. Brumfield suffers with on a daily basis and that he can not physically work. At the time of trial, Mr. Brumfield was still in treatment with a pain management specialist, Dr. Stephen Katz. A list of the medications he was taking was introduced into the record.

Both Mr. and Mrs. Brumfield testified that he does on occasion cut grass for family and friends. Sometimes they pay him. It was this testimony that prompted the WCJ to find that Mr. Brumfield was capable of some type of work and not entitled to PTD.

While we may not agree that occasionally cutting a yard is consistent work that would be considered employment sufficient to preclude an award of PTD, we find that the evidence does not clearly and convincingly establish that Mr. Brumfield is entitled to PTD.

In order to prove a disability by clear and convincing evidence, the claimant must present objective medical evidence. *Bailey v. Smelser Oil & Gas, Inc.*, 620 So.2d 277 (La.1993); *Stoute v. Petroleum Ctr.*, 07-1533 (La.App. 3 Cir. 4/2/08), 980 So.2d 818; *Williams v. Children's Hosp.*, 07-464 (La.App. 4 Cir. 1/23/08), ___ So.2d

2

___ .

During the presentation of evidence, trial counsel for Mr. Brumfield indicated that he would rely on the medical records introduced by Anthony Timberlands, Inc. At the end of the presentation of Mr. Brumfield's case, Anthony Timberlands, Inc. requested that Mr. Brumfield's case be dismissed due to lack of evidence of the right to PTD. The WCJ granted this motion.

There is absolutely no medical evidence in the record to indicate that Mr. Brumfield is physically unable to engage in any employment. We agree with the WCJ that the evidence does not establish Mr. Brumfield's right to PTD. Therefore, we affirm the judgment of the Office of Workers' Compensation. Costs of this appeal are assessed to Johnny Brumfield.

**AFFIRMED.**

JOHNNY BRUMFIELD

VERSUS

ANTHONY TIMBERLANDS, INC.

COOKS, J. DISSENTS.

I agree with that portion of the majority opinion finding occasional grass cutting is not "consistent work" sufficient to preclude an award of PTD; and, therefore, the WCJ erred in holding so in this case.

However, I disagree with the majority's conclusion that because Mr. Brumfield failed to introduce objective medical evidence he fails to prove his disability by clear and convincing evidence. The opinion references *Bailey v. Smelser*, 620 So.2d 277 (La. 1983); *Stoute v. Petroleum Ctr.*, 980 So.2d 818 (La. App. 3 Cir. 2008).

The Plaintiff's and his wife's testimony established that he is unable to work because of the medications he is taking. The exhibit, listing the medications he is taking, was introduced into evidence and corroborated his testimony and that of his wife. Mr. and Mrs. Brumfield's testimony, that he must take large doses of medication daily, including strong pain medication, and that the daily effects of such medications render him unable to work, stands uncontradicted. Nothing in the record indicates that either of the witnesses' testimony was not credible nor does the record, in any way, indicate that the WCJ did not believe the Brumfields' testimony.

Involuntary dismissals are recognized in La. C. Civ. P. Art. 1672(B) which states:

> In an action tried by the court without a jury, after the plaintiff has completed the presentation of his evidence, any party, without waiving his right to offer evidence in the event the motion is not granted, may move for a dismissal of the action as to him on the ground that upon the facts and law, **the plaintiff has shown no right to relief**. The court may then determine the facts and render judgment against the plaintiff and in favor of the moving party or may decline to render any judgment until the close of all the evidence. (Emphasis added)

Mr. Brumfield established, at the close of his case, that he had a *right* to relief. His testimony established he suffered a work-related *disabling* injury and that defendant was his employer at the time of the injury. The WCJ granted the involuntary dismissal because he found that Mr. Brumfield had not proven he is *entitled* to the relief sought. Not only was this determination improperly based upon an erroneous application of the facts, i.e. that Plaintiff's mowing neighbors' and relatives' grass was "self employment" such as would deny Plaintiff's PTD claim, but the law does not sanction the premature grant of involuntary dismissal at this stage of the proceedings, particularly considering the only evidence in the record is uncontradicted and establishes that Mr. Brumfield's daily consumption of prescribed pain medication prevents him from seeking "any meaningful" employment. The question of Mr. Brumfield's *ultimate entitlement* to PTD should follow only "after a full trial on the merits and after due consideration is given to all of the testimony and documentary evidence admitted at trial". *Brown v. Paducah Rigging, Inc.*, 757 So.2d 79 (La. App. 5 Cir. 2000). As the court in *Brown* noted, "[w]hile a hearing officer's ruling on a motion for involuntary dismissal should not be disturbed absent manifest error, an involuntary dismissal is not a substitute for a full trial on the merits." *Brown, Supra.* and *Trench v. Harmony Construction, Co.*, 672 So.2d 330 (La. App. 1 Cir. 1996) writ denied 674 So.2d 973 (La. 1996).

In *Thomas v. Irving Place Rehabilitation Care Center*, 771 So.2d 820 (La. App. 2 Cir. 2000), the Court of Appeal Second Circuit upheld the WCJ's denial of the

motion for involuntary dismissal at the close of Plaintiff's case. In that case the Plaintiff had not introduced any medical depositions when defendant moved for involuntary dismissal alleging she failed to provide sufficient evidence to meet her burden of proof. The Second Circuit expressly stated "[w]e observe that the testimony of a worker's compensation claimant may suffice to establish a work-related accident and *resulting injury*, provided there is no other evidence sufficient to discredit or cast doubt upon the claimant's version of the incident and the claimant's testimony is corroborated by circumstances following the incident." *Thomas, Supra*. and *Tippet v. Mid-State Wood Preserves*, 756 So.2d 659 (La. App. 2d Cir. 2000) cited therein. This Court has held that "The trial court's grant of an involuntary dismissal is proper if, after weighing and evaluating all of the evidence that has been presented by the plaintiff, the trial court determines that the plaintiff has failed to prove his claim by a *preponderance of the evidence*". *Touchet v. Hampton*, 950 So.2d 895 (La. App. 3 Cir. 2007) *rehearing denied*. The record reflects Mr. Brumfield proved, at the very least, by credible and uncontradicted testimony and exhibit, that he had a *right* to relief and that he is entitled to PTD. At the time the dismissal was granted, the record evidence preponderated in favor of his claim benefits; and, ultimately if left unrefuted would suffice to establish by clear and convincing evidence that he is entitled to an award of PTD. Application of the clear and convincing burden of proof imposed upon a claimant in the ultimate determination of entitlement to PTD cannot be imposed upon the Plaintiff in the ruling on a Motion For Involuntary Dismissal for which the appropriate standard is preponderance of the evidence. *Touchet v. Hampton*, 950 So.2d 895 (La. App. 3 Cir. 2007) See also *Kite v. Carter*, 856 So.2d 1271 (la. App. 3 Cir. 2003).

I would reverse the WCJ's decision and remand the case for further

proceedings.