EZELL, Judge.
17 Johnny Brumfield appeals a judgment from the Office of Workers’ Compensation which denied him permanent and total disability benefits. For the following reasons, we affirm.
FACTS
Mr. Brumfield was injured in 1994 while working for Anthony Timberlands, Inc. He was attempting to clean a piece of equipment at the mill when his right hand got caught in the motor. Ultimately, his thumb had to be amputated. He received the maximum ten years of supplemental earnings benefits, which were terminated in December 2004. Mr. Brumfield then filed a claim for permanent and total disability benefits (PTD). Trial on the matter was held on December 20, 2007.
After hearing the testimony of Mr. and Mrs. Brumfield, the workers’ compensa *490 tion judge (WCJ) denied Mr. Brumfield’s claim for PTD. Mr. Brumfield appealed that decision to this court.
PERMANENT AND TOTAL DISABILITY
In denying Mr. Brumfield’s claim for PTD, the WCJ recognized that while Mr. Brumfield experiences a lot of pain, that is not the only the factor entitling a worker to PTD. The WCJ, relying on La.R.S. 23:1221, considered the testimony of Mr. and Mrs. Brumfield that he receives income for cutting grass and found that Mr. Brumfield was engaging in self-employment and not entitled to PTD.
To be entitled to PTD benefits, the claimant must prove that he is physically unable to engage in any employment, regardless of the nature or character of the employment. La.R.S. 28:1221(2). Additionally, the claimant is entitled to PTD:
[O]nly if the employee proves by dear and convincing evidence, unaided by any presumption of disability, that the employee is physically unable to engage in any employment or self-employment, regardless of the nature or character of the employment or self-employment, including, Lbut not limited to any and all odd-lot employment, sheltered employment, or employment while working in any pain, notwithstanding the location or availability of any such employment or self-employment.
La.R.S. 23:1221(2)(c)(emphasis supplied).
The clear and convincing standard for proving that claimant is physically unable to engage in any employment or self-employment, as required to obtain PTD, is a heavier burden of proof than the usual civil preponderance of evidence standard, but less burdensome than the beyond a reasonable doubt standard used in criminal law. Comeaux v. City of Crowley, 01-32 (La.7/3/01), 793 So.2d 1215.
The only people to testify at trial were Mr. Brumfield and his wife. They both testified as to the pain that Mr. Brumfield suffers with on a daily basis and that he can not physically work. At the time of trial, Mr. Brumfield was still in treatment with a pain management specialist, Dr. Stephen Katz. A list of the medications he was taking was introduced into the record.
Both Mr. and Mrs. Brumfield testified that he does on occasion cut grass for family and friends. Sometimes they pay him. It was this testimony that prompted the WCJ to find that Mr. Brumfield was capable of some type of work and not entitled to PTD.
While we may not agree that occasionally cutting a yard is consistent work that would be considered employment sufficient to preclude an award of PTD, we find that the evidence does not clearly and convincingly establish that Mr. Brumfield is entitled to PTD.
In order to prove a disability by clear and convincing evidence, the claimant must present objective medical evidence. Bailey v. Smelser Oil & Gas, Inc., 620 So.2d 277 (La.1993); Stoute v. Petroleum Ctr., 07-1533 (La.App. 3 Cir. 4/2/08), 980 So.2d 818; Williams v. Children’s Hosp., 07-464 (La.App. 4 Cir. 1/23/08), 996 So.2d 291.
During the presentation of evidence, trial counsel for Mr. Brumfield indicated that he would rely on the medical records introduced by Anthony Timberlands, Inc. At the end of the presentation of Mr. Brum-field’s case, Anthony Timberlands, Inc. requested that Mr. Brumfield’s case be dismissed due to lack of evidence of the right to PTD. The WCJ granted this motion.
There is absolutely no medical evidence in the record to indicate that Mr. Brum- *491 field is physically unable to engage in any employment. We agree with the WCJ that the evidence does not establish Mr. Brumfield’s right to PTD. Therefore, we affirm the judgment of the Office of Workers’ Compensation. Costs of this appeal are assessed to Johnny Brumfield.
AFFIRMED.
COOKS, Judge, Dissents and assigns written reasons.