COOKS, J.,
Dissents.
_JjI agree with that portion of the majority opinion finding occasional grass cutting is not “consistent work” sufficient to preclude an award of PTD; and, therefore, the WCJ erred in holding so in this case.
However, I disagree with the majority’s conclusion that because Mr. Brumfield failed to introduce objective medical evidence he fails to prove his disability by clear and convincing evidence. The opinion references Bailey v. Smelser, 620 So.2d 277 (La.1983); Stoute v. Petroleum Ctr., 980 So.2d 818 (La.App. 3 Cir.2008).
The Plaintiffs and his wife’s testimony established that he is unable to work because of the medications he is taking. The exhibit, listing the medications he is taking, was introduced into evidence and corroborated his testimony and that of his wife. Mr. and Mrs. Brumfield’s testimony, that he must take large doses of medication daily, including strong pain medication, and that the daily effects of such medications render him unable to work, stands uncontradicted. Nothing in the record indicates that either of the witnesses’ testimony was not credible nor does the record, in any way, indicate that the WCJ did not believe the Brumfields’ testimony.
Involuntary dismissals are recognized in La.Code Civ. P. Art. 1672(B), which states:
In an action tried by the court without a jury, after the plaintiff has completed the presentation of his evidence, any party, without waiving phis right to offer evidence in the event the motion is not granted, may move for a dismissal of the action as to him on the ground that upon the facts and law, the plaintiff has shown no right to relief. The court may then determine the facts and render judgment against the plaintiff and in favor of the moving party or may decline to render any judgment until the close of all the evidence. (Emphasis added)
Mr. Brumfield established, at the close of his case, that he had a right to relief. His testimony established he suffered a work-related disabling injury and that defendant was his employer at the time of the injury. The WCJ granted the involuntary dismissal because he found that Mr. Brum-field had not proven he is entitled to the relief sought. Not only was this determination improperly based upon an erroneous application of the facts, i.e. that Plaintiffs mowing neighbors’ and relatives’ grass was “self employment” such as would deny Plaintiffs PTD claim, but the law does not sanction the premature grant of involuntary dismissal at this stage of the proceedings, particularly considering the only evidence in the record is uncontradict-ed and establishes that Mr. Brumfield’s daily consumption of prescribed pain medication prevents him from seeking “any meaningful” employment. The question of Mr. Brumfield’s ultimate entitlement to PTD should follow only “after a full trial on the merits and after due consideration is given to all of the testimony and documentary evidence admitted at trial”. Brown v. Paducah Rigging, Inc., 757 So.2d 79 (La.App. 5 Cir.2000). As the court in Brown noted, “[wjhile a hearing officer’s ruling on a motion for involuntary dismissal should not be disturbed absent manifest error, an involuntary dismissal is *492 not a substitute for a full trial on the merits.” Brown, Supra, and Trench v. Harmony Construction, Co., 672 So.2d 330 (La.App. 1 Cir.1996), writ denied, 674 So.2d 973 (La.1996).
In Thomas v. Irving Place Rehabilitation Care Center, 771 So.2d 820 (La.App. 2 Cir.2000), the Court of Appeal Second Circuit upheld the WCJ’s denial of the motion for involuntary dismissal at the close of Plaintiffs case. In that case the |3Plaintiff had not introduced any medical depositions when defendant moved for involuntary dismissal alleging she failed to provide sufficient evidence to meet her burden of proof. The Second Circuit expressly stated “[w]e observe that the testimony of a worker’s compensation claimant may suffice to establish a work-related accident and resulting injury, provided there is no other evidence sufficient to discredit or cast doubt upon the claimant’s version of the incident and the claimant’s testimony is corroborated by circumstances following the incident.” Thomas, 771 So.2d at 823 and Tippet v. Mid-State Wood Preservers, 756 So.2d 659 (La.App. 2 Cir.2000) cited therein. This Court has held that “[t]he trial court’s grant of an involuntary dismissal is proper if, after weighing and evaluating all of the evidence that has been presented by the plaintiff, the trial court determines that the plaintiff has failed to prove his claim by a preponderance of the evidence ”. Touchet v. Hampton, 950 So.2d 895 (La.App. 3 Cir.2007) rehearing denied. The record reflects Mr. Brum-field proved, at the very least, by credible and uncontradicted testimony and exhibit, that he had a right to relief and that he is entitled to PTD. At the time the dismissal was granted, the record evidence preponderated in favor of his claim benefits; and, ultimately if left unrefuted would suffice to establish by clear and convincing evidence that he is entitled to an award of PTD. Application of the clear and convincing burden of proof imposed upon a claimant in the ultimate determination of entitlement to PTD cannot be imposed upon the Plaintiff in the ruling on a Motion For Involuntary Dismissal for which the appropriate standard is preponderance of the evidence. Touchet v. Hampton, 950 So.2d 895 (La.App. 3 Cir.2007); see also Kite v. Carter, 856 So.2d 1271 (La.App. 3 Cir. 2003).
I would reverse the WCJ’s decision and remand the case for further proceedings.