MOORE, J.
^ The pro se claimant, Betty Davis, appeals a judgment that rejected her claim for permanent total disability (“PTD”) benefits. For the reasons expressed, we affirm.
Ms. Davis, who had worked at Shreveport’s GM plant since 1979, injured both shoulders on October 30, 1999, when she was trying to place a “body bag” over a vehicle. GM conceded that the injury was work-related, and began paying her indemnity benefits of $384.00 a week. Ms. Davis has not worked since the injury. GM provided arthroscopic surgeries to repair both her rotator cuffs, the right in February 2000 and the left in June 2005.
In addition to her shoulder injury, Ms. Davis had a host of other physical and psychological issues, and has received almost continuous treatment for low back pain, neck pain, leg and knee pain, trigger fingers, varicose veins, chest pains and general pain syndrome. She received varicose vein surgery in 2007 and a total knee replacement in March 2009, but has declined recommended neck and back surgeries. She has received treatment from pain specialists and been counseled about the overuse of narcotic prescription drugs.
In August 2009, GM’s National Benefits Center advised Ms. Davis that her indemnity benefits would terminate on November 1, 2009, as that date would mark the 520-week maximum allowed.
Ms. Davis, pro se, filed this disputed claim on November 9, 2009, seeking PTD benefits.[1] GM responded that she was not PTD, and at any rate, she had been drawing disability pension benefits of $1,030 a month for | ¿years, creating an offset against any indemnity benefits she may be entitled to receive. Mediation efforts foundered, and GM obtained orders for her to undergo a functional capacity evaluation (“FCE”) and a second medical opinion. At some point, Ms. Davis hired counsel, who argued that GM never properly reclassified her benefits from PTD to supplemental earnings benefits, and thus the 520-week limit did not apply.
The case came to trial in January 2014. Ms. Davis was the only live witness. She described the accident and her shoulder surgeries; she admitted drawing disability benefits from GM since 2000, but said she was not having back and knee trouble at that time. On cross-examination, she insisted that her current inability to work was solely the result of the condition of her *524 shoulders, but admitted she had taken no therapy for her shoulders since 2005, the rotator cuff surgeries had yielded “some improvements, yes,” and her surgeon, Dr. John Ferrell, has not recommended any further shoulder surgery.
The parties also offered a large amount of documentary evidence, mostly Ms. Davis’s extensive medical records. The greater part of these concerned low back pain, knee pain, injuries from an auto accident and household falls, and problems associated with obesity and smoking. However, three other documents were relevant to her claim. The FCE, conducted by Steve Allison in April 2011, found that she could work “within a sedentary to light physical demand level range” with specified restrictions. The second medical opinion, by Dr. Karl Bilderback, was “in overall agreement with” the FCE and found that she “could return to work|swith the restrictions outlined.” However, a rehabilitation consultation with Lenora Maa-touk, in October 2011, found that the combination of the FCE and Ms. Davis’s test scores (80 on two different IQ tests), meant that “she will not be able to return to work[,]” as her limited intelligence and math scores would prevent her from performing light duty jobs such as parking lot cashier.
The WCJ wrote a five-page opinion, concluding that “Ms. Davis failed to prove that her current disability is due to her work accident.” After recapping her medical history, the WCJ cited the clear and convincing standard for PTD benefits, La. R.S. 23:1221(2)(c); the jurisprudence holding that the claimant must prove “that the resulting disability is related to an on-the-job injury[,]” Buxton v. Iowa Police Dept., 2009-0520, p. 12 (La.10/20/09), 23 So.3d 275, 283; and the requirement of objective medical evidence to prove a compensable injury, Brumfield v. Anthony Timberlands Inc., 2008-380 (La.App. 3 Cir. 12/10/08), 2 So.3d 489, writ denied, 2009-0081 (La.3/13/09), 5 So.3d 122. The court accepted Ms. Maatouk’s opinion that Ms. Davis could not return to work, and explicitly her finding that the disability was from a “combination” of test scores and the FCE. Although Ms. Davis’s medical records contained “occasional” references to shoulder pain, her disabling problems were with her knees, lower back and neck— injuries caused by falls, auto accidents and disc disease, not by the 1999 accident at GM. Finding no evidence of causation, the WCJ rejected Ms. Davis’s claim.
|4Ms. Davis, once again pro se, has appealed. Her filing with this court is one page long. She argues that she filed the disputed claim “stating that she was and is permanently and totally disabled.” She cites her 2004 surgery for trigger finger, her history of carpal tunnel syndrome and trigger thumb, and “therapy on her right shoulder following a rotator cuff on the left as well.” She asks this court to “consider their decision and reverse the decision for the following reason: That the appellant has been going through suit proceedings since 1996 [sic], that defendant [sic] is totally disabled, and the defendant [sic] wishes to get this matter resolved as promptly as possible[.]”
GM responds that the appeal should be rejected for failure to comply with the Uniform Rules of Courts of Appeal. We agree that her filing does not comply with URCA 2-12.4 in most particulars. This court’s policy, however, is to read pro se briefs indulgently, as though assignments of error were properly raised. Greenwood Community Ctr. v. Calep, 48,737 (La.App. 2 Cir. 1/15/14), 132 So.3d 470; Graham v. McKinney Nissan, 39,656 (La.App. 2 Cir. 6/29/05), 907 So.2d 213. In the interest of justice, we will construe Ms. Davis’s filing as raising a single assignment challenging *525 the WCJ’s finding that her current disability did not result from the work-related accident.
The claimant in a worker’s compensation case must show that she sustained a personal injury that is the result of an accident arising out of and in the course of employment. La. R.S. 23:1081 A; Buxton v. Iowa Police Dept., supra, and citations therein. The claimant must meet the burden of | ¿proving, by a preponderance of the evidence, that her disability is related to her on-the-job accident. Buxton v. Iowa Police Dept., supra. The dis ability cannot flow from accidents or conditions totally unrelated to the compensable injury. Id. Although the procedural rules are relaxed in compensation cases, a successful claimant must meet the burden of proof. Id. The WCJ’s factual findings are subject to manifest error review. Id.; Dean v. Southmark Const., 2003-1051 (La.7/6/04), 879 So.2d 112. Under this standard, the appellate court does not decide whether the WCJ’s finding is right or wrong, but only whether it is reasonable: Clay v. Our Lady of Lourdes Reg’l Med. Ctr., 2011-1797 (La.5/8/12), 93 So.3d 536.
We have closely examined the record and detect no manifest error in the WCJ’s finding of no causation. Notably, Ms. Davis admitted on cross-examination she was in an automobile accident in 2003, and suffered several falls, varicose veins and trigger fingers; the medical records also show advanced cervical disc disease; Ms. Maatouk’s report stated that Ms. Davis’s low test scores ruled out the prospect of sedentary work. Her current disability appears to flow from these facts rather than from the work-related accident, for which she has not sought therapy since 2005 and her surgeon, Dr. Ferrell, has not recommended any further surgery. Neither Dr. Ferrell, nor her primary care physician, Dr. McFarland, nor any of her treating or examining physicians ever stated that Ms. Davis could not return to work because of her shoulder condition. This evidence is far from sufficient to show that the WCJ’s finding of no causation is unreasonable or plainly wrong.
|fiFor these reasons, the judgment rejecting Betty Davis’s claim for PTD benefits is affirmed at her cost. This opinion is designated for publication under La. R.S. 23:1301.5 F.
AFFIRMED.

. She named her employer as “GMTG,” an abbreviation for General Motors Truck Group, but GM admitted it was her actual employer.